Appellant Timothy Ringo appeals the September 13, 2001 judgment entry of the Court of Common Pleas, Juvenile Division, of Crawford County, Ohio, committing the appellant to the Department of Youth Services (hereinafter "DYS") and giving him detention credit for twenty-eight (28) days.
On January 25, 2000, Timothy was adjudicated delinquent for committing the offense of attempted gross sexual imposition, a fourth degree felony if committed by an adult, and public indecency, a fourth degree misdemeanor if committed by an adult. The trial court ordered that Timothy be committed to DYS for a minimum term of six months and a maximum term not to exceed his twenty-first birthday. The court then suspended this order, placing him under a period of indeterminate probation. One condition of Timothy's probation was that he participate in and successfully complete recommended group counseling. In addition, he was ordered not to have any unsupervised contact with persons under the age of twelve.
While on probation, Timothy began a website, the nature of which could have lead to unsupervised contact with persons under the age of twelve. As a result, the trial court changed his probationary status to that of intensive supervision on April 27, 2000. Thereafter, Timothy was removed from his sex offender group counseling session because of his disruptive behavior on May 23, 2000, and was taken into custody by his probation officer. Timothy remained in detention until the trial court held a hearing on his probation violation on June 1, 2000. After Timothy admitted violating probation, the trial court, in essence, sentenced Timothy to ten days detention, gave him credit for the ten days that he was detained while awaiting his hearing on this matter, suspended further detention, and continued his probation.
On June 27, 2000, Timothy was once again disruptive during counseling and was taken back to the detention center. On July 20, 2000, he admitted violating the terms of his probation for a second time. This time the trial court imposed the previously suspended commitment to DYS. However, the court did not state in its judgment entry the total number of days that Timothy had been held in connection with the delinquent child complaint. Timothy was held in the detention center until July 24, 2000, when he was then taken to the Circleville Youth Center.
On September 13, 2001, the trial court issued a judgment entry, whereby it gave Timothy credit for twenty-eight days for the time he served at the detention center from June 27, 2000, until July 24, 2000. The court did not give him credit for the ten days that Timothy served from May 23, 2000, until June 1, 2000, while awaiting his hearing on the first probation violation. The trial court found that it had already given Timothy credit for these ten days during the proceedings for his first probation violation. This appeal followed, and Timothy now asserts one assignment of error.
 THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY CREDIT THE DAYS TIMOTHY RINGO SERVED IN THE DETENTION CENTER TOWARD THE BALANCE OF HIS COMMITMENT, IN VIOLATION OF R.C. 2151.355.
Timothy contends that the trial court should have given him credit for the ten days that he served in detention while awaiting his hearing for his first probation violation. The Revised Code provides that [w]hen a juvenile court commits a delinquent child to the custody of the department of youth services * * * the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with he delinquent child complaint upon which the order of commitment is based.
R.C. 2151.355(F)(6). The trial court found that to give him credit for these ten days would be giving him "double credit" because it had previously given him credit for these days during its proceedings for the first probation violation. Moreover, the appellee, the State of Ohio, maintains that Timothy was not being held for those ten days for the felony violation of attempted gross sexual imposition but for his probation violation. We find the State's argument is flawed.
In interpreting R.C. 2151.355, the Fifth District has determined that "[t]he new charge of violation of a prior court order is a condition of probation, not a separate criminal offense bringing with it a separate sentence." In re: Samara Dillard (December 3, 2001), Stark App. Nos. 2001CA00093, 2001CA00121, unreported. We agree with that court's rationale. Timothy's admission to two probation violations stemmed from the conditions of probation placed upon him for the original delinquency complaint for attempted gross sexual imposition. Thus, any time served for such violations are connected to the delinquent child complaint. As such, the trial court erred in not giving Timothy credit for time served from May 23, 2000, until June 1, 2000, while awaiting his hearing for his first probation violation. Accordingly, the assignment of error is sustained.
For these reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Crawford County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with the law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and WALTERS, JJ., concur.